IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**KAREN LEMKE,**

      **Plaintiff,**

      **vs.**                                                      **Civ. No. 12-556 ACT/RHS**

**TOM LANGFORD,**
**BROWN, SELIGMAN & THOMAS,**
**d/b/a METROPOLITAN PROPERTY &**
**CASUALTY INSURANCE CO. &**
**METROPOLITAN PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Karen Lemke's Motion to Remand to State District Court [Doc. 9] filed June 4, 2012 ("Motion to Remand"). The Defendants filed their Response [Doc. 11] on June 7, 2012 ("Response"), and the Plaintiff filed her Reply [Doc. 13] on June 20, 2012 ("Reply"). A Notice of Completion of Briefing [Doc. 14] was filed on June 20, 2012. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to have the undersigned serve as the presiding judge and to enter final judgment. [Docs. 6, 7 8.]

The primary issues before the Court are (i) whether Plaintiff Karen Lemke fraudulently joined Defendant Brown Seligman & Thomas in this action; (ii) whether Defendant Metropolitan Property and Casualty Insurance Company has established complete diversity; and (iii) whether the Court should award Plaintiff the attorney fees and costs associated with this motion. Because the Court finds that Defendants have not met their burden of demonstrating that Plaintiff has fraudulently joined Brown, Seligman & Thomas, the Court will grant Plaintiff's

Motion and remand this case back to state court. Because the Court finds that Defendants' removal was premised on a reasonable belief that there had been a fraudulent joinder, the Court will not grant Plaintiff attorney fees and costs.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2012, Plaintiff filed a Complaint for Personal Injury and To Recover Damages for Breach of Contract, Insurance Company Bad Faith, Unfair Insurance Practices, Violation of Unfair Business & Trade Act, Unconscionable Trade Practice, Intentional Infliction of Emotional Distress, Fraud, Negligent Misrepresentation and Unreasonable Delay ("Complaint"). [Doc. No. 1-5.] Plaintiff named as Defendants (1) Tom Langford, (2) Brown Seligman & Thomas, Inc., d/b/a Metropolitan Property & Casualty Insurance Co. ("Defendant BS&T"), and (3) Metropolitan Property and Casualty Insurance Company ("Defendant MetLife"). [Id.] On May 2, 2012, Plaintiff filed an Amended Complaint removing Thomas Langford as a party Defendant. [Motion at 1.] Plaintiff served and filed a return of summons as to Defendant Brown. [Id.] Plaintiff did not serve Defendant MetLife. [Id.]

On May 22, 2012, Defendants MetLife and BS&T filed a Notice of Removal to the United States District Court for the District of New Mexico ("Notice of Removal"). [Doc. No. 1] Defendants alerted the Court that Defendant BS&T was misidentified in Plaintiff's Complaint. [Doc. No. 1 at 4.] Defendant BS&T does not do business as Metropolitan Property & Casualty Insurance Co., but is correctly identified as "Professional Insurors, Inc., d/b/a Brown Seligman & Thomas." [Id.] Professional Insurors, Inc., d/b/a Brown Seligman & Thomas ("Defendant BST") is a resident and citizen of the State of New Mexico. [Id.]  Defendants filed their Answer to Plaintiff's First Amended Complaint [Doc. No. 5] on May 29, 2012.

The factual basis of Plaintiff's Complaint is a demand for punitive damages she made upon her own insurer Defendant MetLife as part of her uninsured/underinsured motorist policy. [Doc. 1-5.] Plaintiff was involved in a motor vehicle accident with Tom Langford on May 20, 2008, at which time she was eight months pregnant and from which she sustained injuries. [Id.] After settling her primary claim against Mr. Langford "for more than $30,000," she wanted to pursue punitive damages because it was discovered during the course of litigation that Mr. Langford had "nearly five times the threshold limit of cannabinoids in his system a mere hour after the motor vehicle accident." [*See* Doc No. 12 at 2-3.] Mr. Langford's coverage did not provide for punitive damages and Plaintiff chose not to pursue his personal assets. [Id.] Plaintiff subsequently made a demand on her insurer. [Doc. 1-5.] Defendant MetLife offered Plaintiff $1,000.00 to settle her punitive damages claim which Plaintiff immediately rejected as unreasonable and inadequate. [Id.] Plaintiff subsequently filed this lawsuit.  [Id.]

Plaintiff claims that Defendant BS&T and Defendant MetLife, along with its adjusters, agents, servants and/or employees, by and through their acts or omissions, willfully, wantonly and/or recklessly (1) breached its contract and its duty of good faith and fair dealing; (2) acted in bad faith by materially misrepresenting pertinent provisions and the range of benefits afforded to Plaintiff relating to coverage under her uninsured/underinsured policy – misrepresentations upon which Plaintiff relied; (3) violated the New Mexico Unfair Insurance Practices Act by failing to adopt reasonable standards for conducting timely investigations or evaluating claims fairly, (4) violated the New Mexico Unfair Practices Act by failing to promptly and thoroughly investigate, evaluate, and settle Plaintiff's claim in compliance with the policy she purchased; (5) violated the New Mexico Unconscionable Trade Practices Act by taking advantage of Plaintiff's lack of knowledge, ability, experience, and/or capacity; (6) intentionally inflicted

emotional distress; (7) committed fraud by making material misrepresentations regarding its automobile insurance policy and intending for Plaintiff to rely on those misrepresentations; (8) negligently misrepresented the scope of the automobile insurance policy coverage; and (9) unreasonably delayed in paying Plaintiff's punitive damages claim. [Doc. 1-5, Amended Complaint, at ¶¶ 43, 47, 55, 63, 67, 73, 76, 82, 86.]

In their Notice of Removal, Defendants assert that this Court has jurisdiction over this matter because (a) the matter in controversy exceeds the sum of value of $75,000 exclusive of interest and costs; and (b) the matter in controversy is between citizens of different states. [Doc. 1 at 4.] Defendants state that based on Plaintiff's valuation of her damages and settlement demand, the amount in controversy exceeds $75,000. Defendants submit that Defendant MetLife is a foreign corporation, incorporated in the State of Rhode Island, and is a citizen of Rhode Island for purposes of diversity of citizenship. Defendants argue that the New Mexico citizenship of Defendant BS&T should not be considered for purposes of diversity because Defendant BS&T is fraudulently joined. [Doc. 1 at 4-5.]

As grounds for its fraudulent joinder claim, Defendants contend that Plaintiff cannot state a claim for relief against Defendant BS&T because the alleged conduct at issue is Defendant MetLife's insufficient offer of settlement. [Doc. 1 at 5.] Defendants argue that Defendant BS&T has no authority or control over the agents, servants, or employees of Defendant MetLife and did not participate in the investigation or processing of Plaintiff's insurance claim or Defendant MetLife's subsequent settlement offer. [Id. at 6.] Absent any authority or control over the investigation or processing of Plaintiff's insurance claim, Defendants assert that Defendant BS&T cannot be liable for breach of contract or bad faith, and could not have violated the Unfair Insurance Practices Act or the Unfair Practices Act because all of the relevant communications

were with Defendant MetLife. [Id.] Defendants submit that Plaintiff's unconscionable trade practice and emotional distress claims are vague and undeveloped, but that aside there are no allegations with respect to anything unconscionable in the regular course of Defendant BS&T's trade or commerce, and Plaintiff has failed to articulate the "extreme and outrageous" conduct required for an intentional infliction of emotional distress claim. [Id. at 7.]  With respect to Plaintiff's fraud and negligent misrepresentation claims, Defendants state these claims are directed at adjusters employed by Defendant MetLife over whom Defendant BS&T has no authority or control. [Id.] Finally, Defendants argue that Defendant BS&T is not Plaintiff's insurer and therefore had no obligation to provide Plaintiff with claim/settlement payments of any kind and thus cannot be liable for any unreasonable delay. [Id. at 8.]

 Plaintiff's Motion to Remand posits three arguments.  First, Plaintiff states that because Defendant MetLife has not been joined and served in this lawsuit, they are not properly before this Court to satisfy the requirements of diversity. [Doc. 9 at 3.] Relying on that argument, Plaintiff then concludes that Defendant BS&T, as the only served defendant, does not satisfy the requirements of diversity and has no reasonable basis upon which to remove. [Id.]  Second, Plaintiff asserts that even if Defendant MetLife were considered a proper party to this action, it should be "deemed a citizen of the State of New Mexico" because Plaintiff is making a "direct action" against Defendant MetLife, her insurer, and pursuant to 28 U.S.C. § 1332(c)(1) "such insurer shall be deemed a citizen of the State in which the insured is a citizen." [Doc. 9 at 4.] Finally, Plaintiff argues that Defendant BS&T was not fraudulently joined because Plaintiff has "alleged direct negligence by Defendant Brown in negligently representing the scope, type, and/or comprehensiveness of the coverage" Plaintiff purchased. [Doc. 9 at 7.] That despite holding themselves out as knowledgeable agents and/or insurance specialists, Defendant BS&T

5

negligently represented that coverage would be available through the MetLife policy. [Id.] Plaintiff requests that this Court remand this matter to state district court and award reasonable attorney fees and costs incurred from the date of removal. [Id.]

In its Response, Defendants contend (1) that whether Defendant MetLife was served is irrelevant to the issue of whether this Court has diversity jurisdiction over this matter; (2) that the "direct action" exception in 28 U.S.C. § 1332(c)(1) is inapplicable in this case; and (3) that the Defendants have demonstrated that Defendant BS&T is fraudulently joined. [Doc. No. 11.] Specifically with respect to its fraudulent joinder claim, Defendants argue that Plaintiff's claims against BS&T are vague and give rise to speculation regarding how BS&T made negligent misrepresentations. [Id. at 7-8.]   Defendants further argue that to the extent Plaintiff is claiming she was entitled to punitive damages coverage, Plaintiff's policy did in fact include punitive damages coverage thereby negating a negligent misrepresentation claim. [Id. at 10.]  Defendants go on to point out that if Plaintiff's claim concerns the scope of uninsured motorist and punitive damages coverage to which Plaintiff believes she is entitled, Plaintiff informed Defendant MetLife she was "willing to forgo any and all claims against Metropolitan in return for Metropolitan's willingness to provide Plaintiff punitive damages coverage to the maximum extent allowable under her policy."  Defendants contend that this willingness expressed by Plaintiff to accept such a settlement reflects that BS&T "provided Plaintiff precisely the form of insurance she intended to purchase and that no misrepresentations were made by BS&T." [Doc. No. 11 at 10-11.] Defendants request that this Court deny the motion and deny Plaintiff's request for attorney fees.

Plaintiff's Reply primarily focuses on the Defendants' failure to carry the "heavy burden" of proving fraudulent joinder. [*See* Doc. No. 13.]

**RELEVANT LAW**

 A. **REMOVAL**

  1. **Procedure**

If a civil action filed in state court satisfies the requirements for original federal jurisdiction, the defendant may invoke 28 U.S.C. § 1441(a) to remove the action to the federal district court "embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Huffman v. Saul Holdings Ltd. P'ship.*, 194 F.3d 1072, 1076 (10th Cir. 1999) ("When a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court . . . .") (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467 (1996)). To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied. *Zufelt v. Isuzu Motors America, L.C.C.*, 727 F.Supp.2d 1117, 1121 (D.N.M. Dec. 21, 2009). Diversity between the parties must be complete. *See Caterpillar Inc. v. Lewis*, 519 U.S. at 68, 117 S.Ct. 467 (1996); *Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1225 (10th Cir. 2004).

In addition to diversity of citizenship, subject matter jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy in excess of $75,000.00. 28 U.S.C. § 1332(a); *see Johnson v. Rodriguez*, 226 F.3d 1103, 1107 (10th Cir. 2000).

"It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." *Pritchett v. Office Depot, Inc*., 404 F.3d 1232, 1235 (10th Cir. 2005)(citing *Shamrock Oil Gas Corp. v Sheets*, 313 U.S. 100, 108-09, 61 S.Ct. 868 (1941), and *United States ex rel. King v. Hillcrest Health Ctr*., 264 F.3d 1271, 1280- (10th Cir. 2001)). "All doubts are to

be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982). "The burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002).

### 2.   Parties Considered

Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883-884 (5th Cir. 1998) (citing *Pullman Co. v. Jenkins*, 305 U.S. 534, 540–41, 59 S.Ct. 347, 350–51, 83 L.Ed. 334 (1939)).

### 3.   Direct Action Exception

A corporation is deemed a citizen of any State in which it has been incorporated and, if different, the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). "In any direct action against the insurer of a policy . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen[.]" *Id.* As explained in *Tuck v. United States Auto Ass'n*:

> This section was enacted by Congress in order to eliminate the basis for diversity jurisdiction in states that allow an injured third-party claimant to sue an insurance company for payment of a claim without joining the company's insured as a party, where the insured would be a nondiverse party, even though the party insurance company would otherwise be diverse. But where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits and in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction.

859 F.2d 842, 847 (10th Cir. 1988) (quoting *Forston v. St. Paul Fire and Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985)). Therefore, "unless the cause of action urged against the insurance company is of such a nature that the liability sought to be imposed could be imposed

against the insured, the action is not a direct action." *Id.* (quoting *Beckham v. Safeco Ins. Co. of America*, 691 F.2d 898, 902 (9th Cir. 1982)). The Tenth Circuit thus holds that actions by an insured against his or her own insurer are not direct actions within the meaning of Section 1332(a)(c). *Powers v. Allstate Motor and Casualty Ins. Co.*, 2010 WL 2270182 (D.Colo. June 7, 2010) (unpublished opinion) (citing *Tuck v. United States Auto. Ass'n.*, 859 F.2d 842, 847 (10th Cir. 1988), *cert. denied*, 489 U.S. 1080, 109 S.Ct. 1524, 103 L.Ed.2d 839 (1989); *Long v. St. Paul Fire and Marine Ins. Co.*, 423 F.Supp.2d 1219, 1223 (D.Kan. April 6, 2006); *Irvin v. Allstate Ins. Co.*, 436 F.Supp. 575, 576-77 (D.Okla. 1977)).

### 4. Fraudulent Joinder

The party asserting fraudulent joinder bears the burden of proof. See *Montano v. Allstate Indemnity Co.*, 211 F.3d 1278, 2000 WL 525592, at *1 (10th Cir. 2000) (unpublished opinion) "The case law places a heavy burden on the party asserting fraudulent joinder." *Id.* "To justify removal based on diversity jurisdiction, a defendant must plead a claim of fraudulent joinder with particularity and prove the claim with certainty." *Couch v. Astec Indus., Inc.*, 71 F.Supp.2d 1145, 1146-47 (D.N.M. 1999) (Baldock, J.). Proving an allegation of fraudulent joinder requires the removing party to demonstrate that there is *no possibility* that the plaintiff would be able to establish a cause of action against the joined party in state court. *Id.* (quoting *Hart v. Bayer Corp.*, 199 F.2d 239, 246 (5th Cir. 2000) (emphasis added). "Moreover, this District has consistently adopted the 'possibility' standard when assessing fraudulent joinder claims." *Zufelt v. Isuzu Motors America, L.C.C.*, 727 F.Supp.2d 1117, 1129 (D.N.M. 2009) (citing *Allen v. Allstate Ins. Co.*, 2008 WL 6045497, at *4 (D.N.M. Oct. 31, 2008)(Browning, J.) (holding that the claims asserted against the non-diverse defendant were "possibly viable under New Mexico law, and . . . suffice to preclude federal jurisdiction"); *Baeza v. Tibbetts*, 2006 WL 2863486, at

*4, 2006 (stating remand is required if any one of the claims against [the defendant] is possibly viable); *Provencio v. Mendez*, 2005 WL 3662957, at *9 (D.N.M. Sept. 29, 2005)(Browning, J.) (stating that, to defeat removal jurisdiction, '[t]he plaintiff need only demonstrate the possibility of the right to relief."). In evaluating fraudulent joinder claims, all disputed questions of fact and all ambiguities in the controlling law must be resolved in favor of the non-removing party. *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000)

"[A] fraudulent joinder analysis [is] a jurisdictional inquiry." *Albert v. Smith's Food & Drug Ctrs.*, Inc. 356 F.3d 1242, 1247 (10th Cir. 2004). The Tenth Circuit has explained that allegations of fraudulent joinder complicate the analysis whether removal is proper, because, "[w]hile a court normally evaluates the propriety of a removal by determining whether the allegations on the fact of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive." *Nerad v. AstraZeneca Pharms., Inc.*, 203 Fed.Appx. 911, 913 (10th Cir. 2006) (unpublished opinion). In cases where fraudulent joinder is asserted, the Tenth Circuit instructs that the court should "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Id.* (quoting *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (citations omitted)). The Tenth Circuit requires that fraudulent joinder be "established with complete certainty upon undisputed evidence." *Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Id.* It does means, however, that the Court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. *Nerad v. AstraZenecaPharms., Inc.*, 203 Fed.Appx. at 913

(citing *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393 (5th Cir. 2000) (A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.)

### B. REMAND

A plaintiff may attack the removal of a case to federal court by filing a motion in federal district court to remand the case to state court. See *Caterpillar Inc. v. Lewis*, 519 U.S. at 69, 117 S.Ct. 467; *Huffman v. Saul Holdings Ltd., P'ship.*, 194 F.3d at 1076 (citation omitted); 28 U.S.C. § 1447(c). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). The courts strictly construe the removal statues in favor of remand and against removal. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). If the case is remanded, the defendants cannot remove the case to federal court again unless removability is premised upon a voluntary act by the plaintiff. See *Huffman v. Saul Holdings Ltd. P'ship.*, 194 F.3d at 1078.

### C. ATTORNEY FEES

A federal court remanding a removed case to state court for lack of subject-matter jurisdiction "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court of the United States has clarified the standards governing an award of fees under § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c). Only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objective reasonsonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). It is not necessary that the plaintiff show that the defendants acted in bad faith

to win attorney's fees.  *See* Topeka Housing Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005).

## **ANALYSIS**

In her Motion for Remand, Plaintiff argues that the Court should remand this case because (i) the only diverse party, Defendant MetLife, has not yet been properly joined and served; (ii) that even if Defendant MetLife were considered a proper party to this action, it should be "deemed a citizen of the State of New Mexico" under the direct action exception of 28 U.S.C. § 1332(c)(1); and (iii) that Defendant BS&T was not fraudulently joined.

The Court can dispose of Plaintiff's first two arguments by directing the parties to the relevant law outlined above.  As to Plaintiff's first argument, whether Defendant MetLife has been properly served is irrelevant to the question of the Court's determination of diversity because the Court considers all named defendants for purposes of diversity, not just those served.  *See* Parties Considered *infra*.  That said, in this case Defendant MetLife effectively waived service when it entered its appearance in the Notice of Removal and subsequently filed its Answer.  Thus, the issue of service is a moot point.  As to Plaintiff's second argument, Defendant MetLife does not fall within the direct action exception because, as the Tenth Circuit case law explains, actions by an insured against his or her own insurer are not direct actions within the meaning of Section 1332(a)(c).  *See* Direct Action Exception *infra*.  Here, Plaintiff is bringing an action against her own insurer, Defendant MetLife, for failing to settle her punitive damages claim.  This action is precisely the type of action the courts have clearly described as falling *outside* of the direct action exception.  Therefore, for purposes of determining citizenship, Defendant MetLife is a foreign corporation, doing business in the State of New Mexico, but

incorporated and with its principal place of business in Rhode Island.  Doc. 1 at 2.  Defendant MetLife is a citizen of Rhode Island.  *Id.*

Resolving Plaintiff's third argument that Defendant BS&T is not fraudulently joined requires this Court to consider whether any one of Plaintiff's nine claims against Defendant BS&T is possibly viable.  If so, Tenth Circuit case law requires remand.  In her Amended Complaint, the Plaintiff makes each of her nine claims against both Defendant BS&T and Defendant MetLife.  That said, the primary focus of Plaintiff's Motion to Remand and Defendants' Response is Plaintiff's negligent misrepresentation claim against Defendant BS&T.  While the Court cannot say, at this stage of the case, whether *all* of Plaintiff's nine claims are well established under New Mexico law and thus possibly viable, it can say that there is the possibility of at least *one* viable claim.  As such, Defendants have not met the rigorous standards required to prove fraudulent joinder.  Because this Court finds that Plaintiff's negligent misrepresentation claim against Defendant BS&T is possibly viable, and therefore dispositive on the issue of remand, the Court will not address the viability of each of Plaintiff's eight other claims.

Plaintiff contends that because Defendant BS&T is the seller of the uninsured/ underinsured motorist policy she purchased in this case, she can establish a cause of action against it.  Plaintiff's cause of action is that Defendant BS&T negligently represented the scope, type, and/or comprehensiveness of the coverage that would be available in the MetLife policy that she sought to purchase and subsequently did purchase.  These allegations clearly set out the elements for a claim of negligent misrepresentation.  *See* UJI 13-1632 NMRA (identifying elements that the jury is required to find on a claim of negligent misrepresentation).  Defendants argue that any misrepresentations claimed by Plaintiff were made by adjusters, agents or

employees of Defendant MetLife while in the course and scope of adjusting her insurance claim and making a settlement offer. However, the plain meaning of Plaintiff's claim also appears to be focused on misrepresentations that were made at the time of purchase, thereby giving rise to a claim of negligent misrepresentation against Defendant BS&T. The Court acknowledges the parties' dispute regarding these factual representations. However, viewing all disputed questions of fact and all ambiguities in the controlling law in favor of Plaintiff, as the nonremoving party, the Court finds that Plaintiff has a possible viable claim of negligent misrepresentation against Defendant BS&T.

While the Court decides against Defendants on the merits of the removal, the Court finds that Defendants' removal was premised on a reasonable belief that there had been a fraudulent joinder. The Court does not find any unusual circumstances present that would warrant a departure from the rule that fees should be denied when removal was objectively reasonable.

## **CONCLUSION**

The Court finds that Plaintiff has a potentially viable claim against Defendant BS&T for negligent misrepresentation in its role in providing Plaintiff with her MetLife uninsured/ underinsured motorist policy. As such, Defendants have not met the rigorous standards required to prove fraudulent joinder. Because Plaintiff and Defendant BS&T are both citizens of New Mexico, this Court does not have jurisdiction over the case.

**IT IS THEREFORE ORDERED** that this matter be remanded to the First Judicial District Court, County of Santa Fe, State of New Mexico. Plaintiff's request for attorney fees and costs incurred as a result of the removal is denied.

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge,**
**Presiding by Consent**